GOODYEAR DENTAL VULCANITE COMPANY *vs.* E. E. CADUC.

Suffolk.    Jan. 18. — Feb. 25, 1887.    HOLMES & GARDNER, JJ., absent.

If the treasurer of a corporation misappropriates its funds, and, without authority, lends them to a third person, an action of contract by the corporation against such person is not a ratification of the treasurer's acts, and does not discharge him from liability to the corporation.

In an action by a corporation against its treasurer, who had misappropriated its funds, and, without authority, lent them to the C. Company, of which corporation he was also the treasurer, and against which corporation the plaintiff brought an action of contract, it appeared that in that action the plaintiff attached personal property of the C. Company of an uncertain value; that a mortgagee duly notified the officer that he claimed the attached property under a mortgage ; that the C. Company was in fact insolvent; that a receiver of that company was appointed in another State, where it was incorporated, who offered to pay the plaintiff, in settlement of the action, about forty per cent of its claim; that the plaintiff notified the defendant and the sureties on his treasurer's bond of this offer, and offered to permit him, upon paying the amount due the plaintiff, to assume the control of that action, and to assign to him its cause of action ; and that the defendant declined this proposition, and thereupon the plaintiff compromised with the C. Company, and gave a release, discharging the company from all actions and causes of action, "reserving all its remedy against E., formerly its treasurer, and the sureties upon his official bond." *Held*, that these facts did not operate to discharge the defendant from liability to the plaintiff.

CONTRACT upon an account annexed.    The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*H. N. Sheldon*, for the plaintiff.

*J. R. Bullard*, for the defendant.

MORTON, C. J.    It is admitted that the defendant, being the treasurer of the plaintiff corporation and also of the National Color Printing Company, misappropriated the funds of the plaintiff, and, without authority, lent them to the last-named company.    The plaintiff afterwards sued the National Color Printing Company ; and the defendant contends that this was a ratification of his acts, and discharged him from responsibility. The form of the suit is not stated, except that it was an action of contract.    It may have been an action for money had and received, in which the plaintiff went upon the ground that the

defendant had wrongfully taken the plaintiff's money, and devoted it to the use of the National Color Printing Company with its knowledge; this certainly would not be a ratification of the defendant's acts, as it proceeds upon the ground that they were unauthorized and wrongful.

But, even if the defendant had taken notes of the National Color Printing Company payable to the plaintiff, and the suit was upon such notes, we do not think that it would necessarily operate to discharge the defendant from his liability. It may be that the National Color Printing Company would have the right to insist that bringing the suit was, as to itself, a ratification of the loan, or an election between two remedies. If it could so insist, it must be upon the ground that the plaintiff had an election between two inconsistent remedies, and that the choice of one precluded it from using the other. Thus, if an agent unlawfully sells goods of his principal, the latter has an election either to sue for the goods upon the contract made by the agent, or he may repudiate the sale and bring an action of trover. Having elected one, he cannot resort to the other, because they are inconsistent and repugnant. *Butler* v. *Hildreth*, 5 Met. 49. But this principle does not apply where a man has the right to resort to two parties by remedies which are not inconsistent.

Take the case before us. The plaintiff discovers that its treasurer has misused its money, and wrongfully lent it. Why may it not properly say to him, We hold you responsible for this misuse: we will reduce our damage by recovering what we can from the borrower, but shall look to you for indemnity for such damage as we finally sustain from your misconduct? This is all that bringing a suit against the borrower, in whatever form, necessarily says or implies. There is nothing inconsistent in the two positions; there is nothing in the nature or the justice of the case which should preclude the principal from pursuing this course, which is for the interest of the agent. To hold that bringing a suit under such circumstances not only ratifies the loan, so far as the borrower is concerned, but condones the offence of the agent and relieves him from all liability, would be carrying the doctrine of implied ratification to an unreasonable and unjust extent.

The defendant also contends that the plaintiff discharged him from liability by its settlement of the suit against the National Color Printing Company. It appears that, in that suit, the plaintiff attached personal property of the National Color Printing Company of an uncertain value; that a mortgagee duly notified the officer that he claimed the attached property under a mortgage; that the National Color Printing Company was in fact insolvent; that a receiver of that company was appointed in New Jersey, where it was incorporated, who offered to pay the plaintiff, in settlement of the suit, about forty per cent of its claim; that the plaintiff notified the defendant and the sureties on his treasurer's bond of this offer, and offered to permit him, upon paying the amount due the plaintiff, to assume the control of the suit, and to assign to him its cause of action; and that the defendant declined this proposition, and thereupon the plaintiff made a compromise with the National Color Printing Company, and gave a release, discharging the company from all actions and causes of action, " reserving, however, all its remedy against E. Ernest Caduc, formerly its treasurer, and the sureties upon his official bond."

We are of opinion that this did not operate to discharge the defendant. The plaintiff gave him and his sureties a reasonable opportunity to intervene in the suit, and to protect their rights by prosecuting it, if the offer of compromise was not sufficient. The plaintiff settled the suit in good faith, believing that the sum offered was more than could be realized by prosecuting the action; there is no evidence in the case that this belief was not well founded. It has done all that could fairly be required of it; the defendant has no ground of complaint, there being no proof that the amount realized was not as much as could have been obtained by further litigation. If the effect of the settlement is to bar any claim by him against the National Color Printing Company, which we need not discuss, it is his own fault, for which the plaintiff should not suffer.

*Judgment affirmed.*