HUGHES COUNTY, S. D., v. WARD.

(Circuit Court, D. South Dakota, C. D.   May 3, 1897.)

No. 17.

1. MOTIONS—ADDITIONAL EVIDENCE AFTER SUBMISSION.
    After a motion by defendant to dismiss has been argued and submitted with leave to file briefs on the law, the case will not be reopened in order that additional evidence offered by plaintiff may be heard, in the absence of anything to show that it was unknown to him when the case was argued.

2. POWERS OF STATE'S ATTORNEY—SUITS ON BEHALF OF COUNTY.
    Under the statutes of South Dakota a state's attorney has no authority to commence a suit on behalf of a county without a lawful direction to do so by the board of county commissioners.

3. SAME—RATIFICATION OF ATTORNEY'S ACTION.
    Where an attorney has general authority to prosecute and defend suits already instituted by or against his client, his unauthorized action in commencing a suit may be ratified by the client.

Action by Hughes county, South Dakota, against James A. Ward. On motion by defendant to dismiss.

John A. Holmes, for plaintiff.
John F. Hughes, for defendant.

SANBORN, Circuit Judge.   On April 20, 1897, pursuant to a written stipulation between the parties to this action, their attorneys appeared and submitted the motion of the defendant to dismiss it, on the ground that the state's attorney who brought it never had any authority to commence the suit.   In support of this motion the defendant introduced in evidence the affidavit of George M. Coates, a member of the board of county commissioners, to the effect that the board of county commissioners never authorized this action to be commenced, and the affidavit of John F. Hughes, the attorney for the defendant, to the same effect.   No evidence in contradiction of these affidavits was offered, and it was agreed between the counsel for the respective parties that the facts were that the state's attorney commenced the action at the suggestion of one member of the board of county commissioners, without any action whatever on the part of the board, but that in July, 1896,—more than two months after this action was commenced,—the board passed a resolution by which they ratified and approved the action of the state's attorney in commencing this suit.   The evidence upon the motion was then closed

under this agreement, and the motion was argued.    At the close of the argument the court intimated the opinion that a state's attorney had no authority to commence a suit on behalf of the county without any action on the part of the board of county commissioners. Thereupon counsel for the plaintiff asked for a few days' time in which to prepare a brief in support of the proposition that the board could properly ratify the action of the state's attorney in commencing the suit so that it might be maintained.    Time was granted to him for that purpose, and to counsel for the defendant to reply to his brief.    The time for the presentation of these briefs has expired.    On the last day of this time counsel for the defendant presented copies of affidavits made on April 24, 1897, by D. A. Stinger, A. G. Swanson, and K. M. Foote, a copy of an affidavit made on April 26, 1897, by W. H. Gleckler, and a copy of an affidavit of T. H. Conniff, made on April 26, 1897, and objected to their receipt in evidence on the grounds that, although they had been served upon him since the hearing on April 20, 1897, he had refused to accept service of them; that they were not introduced in proper time; that no foundation was laid; and that they were incompetent, irrelevant, and not the best evidence.    At the same time he presented a copy of the brief of counsel for the plaintiff in this matter, and the affidavits of John F. Hughes and W. L. Shunk, sworn to on April 27, 1897, and a paper to which is attached the certificate of T. H. Conniff, county auditor for Hughes county, S. D., to the effect that it contains an exact copy of the proceedings of the board of county commissioners of Hughes county since January 1, 1896.    He also presented a brief, in which he insisted upon his objections to the affidavits served upon him since April 20, 1897, by counsel for the plaintiff, and prayed that the affidavits of Hughes and Shunk and the certificate of Conniff might be received in evidence in rebuttal if the questions of fact were to be reopened and reconsidered.

Upon this state of facts, the objections of counsel for the defendant to the affidavits served upon him since April 20, 1897, must be sustained.    The case upon the facts was closed on that day.    The counsel for the respective parties appeared, agreed upon the facts, argued the law, and submitted the case, with permission to each of them to file a brief upon the law prior to this date.    If the plaintiff had been surprised by the affidavits or testimony produced upon the hearing, it would have been given ample opportunity to rebut that evidence.    If, after the hearing, it had discovered important evidence unknown to it before, from which it would appear that there was a serious error in the agreed statement of facts upon which the motion was submitted, the case might have been opened, and the newly-discovered evidence received.    There is no such showing here.    It does not appear that any of the evidence which has been prepared since this case was submitted was unknown to the plaintiff when it was argued.    The notice of motion to dismiss this action was given in July, 1896, and it was brought on for hearing by written agreement between the parties on April 20, 1897.    Here was certainly ample time for the plaintiff to prepare any evidence which it desired to

present. The objections to the affidavits of D. A. Stinger, A. G. Swanson, and K. M. Foote, sworn to on April 24, 1897, and the objections to the affidavits of W. H. Gleckler and T. H. Conniff, sworn to on April 26, 1897, are sustained. The affidavits of John F. Hughes and W. L. Shunk, sworn to on April 27, 1897, and the certificate of T. H. Conniff, together with the newspaper to which it is attached, have not been considered, because the objections to the foregoing affidavits were sustained.

Two questions are presented by this motion:    (1) Whether or not a state's attorney has authority, under the statutes of South Dakota, to commence a suit on behalf of a county of that state without the passage of any resolution or any other action on behalf of the board of county commissioners authorizing him to take such action; and (2) whether or not the board of county commissioners can subsequently ratify the unauthorized action of a state's attorney in commencing such an action.    I am of the opinion that the authority of the state's attorney in this regard was limited to prosecuting and defending suits already instituted by or against the county, and that he exceeded his power when he brought this action without a lawful direction to do so by the board of county commissioners of Hughes county.    Comp. Laws Dak. 1887, §§ 428, 591; Frye v. Calhoun Co., 14 Ill. 132; Town of Kankakee v. Kankakee & I. R. Co., 115 Ill. 88, 3 N. E. 741; Jerauld Co. v. Williams (S. D.) 63 N. W. 905; Machine Co. v. Snedigar, 3 S. D. 626, 54 N. W. 814.    Some of these authorities tend to sustain the proposition that the act of an attorney in bringing such an action without authority is incapable of subsequent ratification.    That may be true when a stranger assumes to act as the agent of one from whom he had no authority whatever. But I am unable to concur in the view that the act of commencing an action by an attorney who is vested with the authority and burdened with the duty of prosecuting and defending suits for his client is incapable of ratification by the latter.    This is not a case where the attorney who brought the suit was without any authority from his client, or where no relation of attorney and client existed.    On the other hand, it is a case where the lawyer who instituted the suit was the general attorney of the plaintiff, charged with the duty of enforcing and protecting its rights in the courts, but unauthorized to commence litigation on its behalf.    The attorney was not without authority to act for his client, but his action in this case was in excess of that authority.    The general rule is that a principal may ratify an act of his agent in excess of his authority which he might have authorized in the first instance.    The board of county commissioners had express statutory authority to empower the state's attorney to commence this action when he began it.    As soon as his action became known to that board it passed a resolution of ratification and approval, and directed him to prosecute the suit.    The case falls under the general rule to which I have referred, and I am unable to persuade myself that this action of the board was ineffectual.    A party to an action may subsequently ratify the unauthorized act of his attorney, if he could have authorized it before it

was done. Erwin v. Blake, 8 Pet. 16, 26; Robb v. Vos, 155 U. S. 13, 39, 15 Sup. Ct. 4; Robb v. Roelker, 66 Fed. 23; Dresser v. Wood, 15 Kan. 264, 277; Ryan v. Doyle, 31 Iowa, 53. The motion to dismiss the action must be denied.