**FEDERAL DEPOSIT INS. CORP. v. RECTENWALL.**

Civ. No. 556.

United States District Court
N. D. Indiana, Fort Wayne Division.

April 30, 1951.

Kennerk & Dumas, Fort Wayne, Ind., for plaintiff.

Hunt & Mountz, Fort Wayne, Ind., Atkinson & Sanders, Auburn, Ind., for defendant.

SWYGERT, District Judge.

The complaint, to which the defendant has directed a motion to dismiss for failure to state a claim, alleges that the defendant, as cashier of the Farmers and Merchants State Bank of Spencerville, Indiana, "did illegally, wrongfully, fraudulently and negligently pay or cause to be paid" to certain designated persons "funds of the Bank to which they were not entitled, by means of paying checks presented to the Bank and drawn by them on their respective accounts in the Bank when, in truth and in fact, the * * * parties did not have funds on deposit in their respective accounts sufficient to pay said checks." The complaint further alleges that the plaintiff is the assignee of this cause of action through its purchase, pursuant to 12 U.S.C.A. § 264(n) (4), of the unacceptable assets of the Spencerville bank, including this claim, in order to enable another insured bank to assume its deposit liabilities.

In his motion to dismiss, the defendant first urges that the well-recognized rule at common law that actions for personal torts are not assignable prevents the maintenance of this suit by the plaintiff. The plaintiff maintains, however, that it acquired this cause of action as an incident to a right of property, referring presumably to the other assets acquired by the plaintiff by its purchase, and thus that its right to bring this suit is controlled by the decision in Traer v. Clews, 1885, 115 U.S. 528, 6 S.Ct. 155, 29 L.Ed. 467. In view of the position which is taken, this contention need not be considered, other than to note that there are some substantial differences in the facts of that case and those of the case at bar.

■ At the outset it must be recalled that this question, like all others presented in actions in which the Federal Deposit Insurance Corporation is a party, is governed by federal and not state law. 12 U.S.C. § 264(j) Fourth; D'Oench, Duhme Co. v. F. D. I. C., 1942, 315 U.S. 447, 62

S.Ct. 676, 86 L.Ed. 956. As was stated in United States v. Allegheny County, 1944, 322 U.S. 174, 183, 64 S.Ct. 908, 913, 88 L.Ed. 1209: "The validity and construction of contracts through which the United States is exercising its constitutional functions, their consequences on the rights and obligations of the parties, the titles or liens which they create or permit, all present questions of federal law not controlled by the law of any state."

As a matter of federal law, however, the procedure employed here by the plaintiff has not been the subject of very extensive judicial consideration. Although in the only case found in which an assignment of a claim of this type was involved its validity was recognized, the court there apparently did not have before it the question of the assignability of such a claim as an action ex delicto. Brown v. New York Life Ins. Co., 9 Cir., 1945, 152 F.2d 246.

■ If it is conceded for present purposes that a claim of this type was nonassignable at common law, there yet remains, however, the question of whether this principle has been changed by the statutory procedure which the plaintiff here employed. Section 264(n) (4), under which the plaintiff acted, provides in part: "Whenever in the judgment of the board of directors such action will reduce the risk or avert a threatened loss to the Corporation and * * * will facilitate the sale of the assets of an open or closed insured bank to and assumption of its liabilities by another insured bank * * * the Corporation may purchase any such assets * * *." (Emphasis supplied.) Whatever might be said of the adequacy of the language used, it is nonetheless apparent that the statutory scheme embodied in this section contemplates the unrestricted transferability of every asset of an insured bank, at least where necessary to accomplish the assumption of its deposit liabilities by another insured bank. If this were not so, the usefulness of the procedure employed here would largely be defeated, as the instant case very clearly illustrates. But the right to purchase an asset which is a chose in action, to have any meaning, must be equivalent to the right to bring suit upon it and

reduce it to judgment. It is therefore concluded that the phrase " * * * purchase any such assets" adequately expresses an intention to make assignable choses in action included in such assets.

 The defendant further contends that it is essential to the plaintiff's cause of action that it allege and prove that those who received the funds of the bank because of the defendant's alleged misapplication are insolvent or that for some reason judgments against them would be uncollectible, on the theory that unless this circumstance is shown to exist the plaintiff's assignor suffered no damage. This reasoning misconstrues the plaintiff's cause of action. The plaintiff does not assert that the defendant ever incurred, contractually or otherwise, a secondary liability for the repayment of the funds by those who received them. This action has its basis in the plaintiff's contention that the bank was deprived of the possession of funds to which it was rightfully entitled through the defendant's wrongful diversion. If, as alleged, the bank was deprived of the possession of these funds without its consent it suffered damage, and substantial damage would be proved upon a showing that the money had not been repaid. Cf. Milwaukee National Bank v. City Bank, 1881, 103 U.S. 668, 673, 26 L.Ed. 417.

The fact that the plaintiff is perhaps entitled to pursue an additional remedy against those who received the bank's funds, Home Savings Bank v. Otterbach, 1907, 135 Iowa 157, 112 N.W. 769; Goodyear Dental Vulcanite Co. v. Caduc, 1887, 144 Mass. 85, 10 N.E. 483; Reynolds v. Union Station Bank, 1918, 198 Mo.App. 323, 200 S.W. 711; see Lindburg v. Engster, 220 Iowa 1073, 264 N.W. 31, 116 A.L.R. 601, 609, and is not in any event entitled to a multiple recovery, Reynolds v. Union Station Bank, supra, does not impose a duty upon the plaintiff to exhaust these additional remedies before proceeding against this defendant. If that were true, the plaintiff could with considerable reason eventually demand from the defendant not only the amount he is alleged to have diverted, but also the costs of any successful

or unsuccessful attempts at collection from those who received the funds. Moreover, it is perhaps appropriate to note that were the plaintiff to follow the procedure which the defendant apparently asserts is the proper one, there is at least some question whether this would constitute an election which would bar a subsequent suit against the defendant. See Terry v. Munger, 1890, 121 N.Y. 161, 24 N.E. 272, 8 L.R.A. 216; Fowler v. Bowery Sav. Bank, 1889, 113 N.Y. 450, 21 N.E. 172, 4 L.R.A. 145; Annotation, 116 A.L.R. 601, 604.

For the foregoing reasons the motion to dismiss is denied and the clerk is directed to enter an order to that effect.