**DASCO, INC., a Nevada Corporation, and Dudley A. Smith, Plaintiffs,**

v.

**AMERICAN CITY BANK AND TRUST COMPANY, N.A., a National Banking Association, et al., Defendants.**

Civ. No. LV 76–113 RDF.

United States District Court, D. Nevada.

March 9, 1977.

Bell, Leavitt & Green, Chartered, Las Vegas, Nev., for plaintiffs.

Guild, Hagen & Clark, Ltd., Reno, Nev., for plaintiff Federal Deposit Ins. Corp., successor in interest to American City Bank.

Breen, Young, Whitehead & Hoy, and David R. Belding, Reno, Nev., for defendant Callen.

## MEMORANDUM OPINION DENYING PLAINTIFFS' MOTION FOR PRE- LIMINARY INJUNCTION

ROGER D. FOLEY, Chief Judge.

The plaintiffs in March of 1976 brought an action for specific performance of an alleged oral agreement entered into between themselves and the American City Bank and Trust Company. In addition to the American City Bank and Trust Company (Bank), the Federal Deposit Insurance Corporation (FDIC) was also named as a defendant because the FDIC is the receiver of the Bank which became insolvent sometime in 1975. This litigation arises out of the events surrounding the transfer of title of some forty acres of real estate, located here in Clark County, from the aforementioned Bank to the plaintiffs on November 5, 1974. The plaintiffs have alleged that sometime before November 5, 1974 they were contacted by agents of the Bank who expressed a desire to have plaintiffs develop the forty acres. Plaintiffs contend that the Bank suggested plaintiffs accept a deed on the property, execute a note for the $1,450,-000.00 loan secured by a deed of trust on said property, and develop the property with construction of residential and commercial buildings thereon. Further, there was an oral agreement that in the event the property could not be developed prior to the $117,000.00 built-in interest being deleted by payments on the note, then, in that event, the plaintiffs could merely deed the property back to the Bank and the note, deed of trust, and guarantees (some of the plaintiffs gave personal guarantees on the note, allegedly for the purposes of internal bank records) would be cancelled. On November 5, 1974, the plaintiffs executed a note and deed of trust, together with guarantees and the Bank deeded the property to the plaintiffs. However, the oral agreement was not reduced to any writing.

Subsequently, the plaintiffs were unable to develop the property pursuant to the desires of the Bank and the plaintiffs informed the Bank that the real property could not be improved prior to the using up of the $117,000.00 interest fund. After several discussions with the officers of the Bank, said officers informed the plaintiffs that the transaction, including the deed, note, deed of trust, and guarantees were cancelled. Further, plaintiffs contend that the Bank stated it would prefer to have the real property remain in the name of the

plaintiffs until the property could, in fact, be developed, with no liability accruing to the plaintiffs on the note. However, during the year 1975 the Bank became insolvent and the FDIC was appointed receiver of the Bank.

The FDIC has taken the position that the note is now due and payable and that any agreements with the FDIC's predecessor in interest are not binding. As a result of this position, the FDIC refuses to accept a deed to the real property and to effect cancellation of the documents as per the aforementioned oral agreement, and demands payment of the principal plus interest from the plaintiffs. In addition, the FDIC has filed a notice of breach and has elected to sell the real property in question.

The plaintiffs are now before this Court to seek a preliminary injunction to enjoin the FDIC from selling or otherwise disposing of the real property in question until the issue of the enforceability of the oral agreement can be resolved. It is the judgment of this Court, having considered the pleadings, the affidavits, the briefs, and the oral argument of counsel, that the plaintiffs' Motion for Preliminary Injunction be denied for the reasons set forth below.

## THE PLAINTIFFS ARE NOT LIKELY TO PREVAIL ON THE MERITS

A preliminary injunction may be issued to protect the plaintiffs from irreparable injury and to preserve the Court's power to render a meaningful decision after a trial on the merits. While the grant or denial of a preliminary injunction rests in the discretion of the Court, the Court must exercise its discretion in accordance with the prerequisites for the extraordinary relief of preliminary injunction. It is generally recognized that four factors affect the exercise of that discretion, which are: (1) a substantial likelihood that the plaintiff will prevail on the merits, (2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to the defendant, and (4) that the granting of the preliminary injunction will not disserve the public interest.

Turning now to the first prerequisite for injunctive relief it is apparent there is not a substantial likelihood the plaintiffs will prevail on the merits.

The FDIC argues that the plaintiffs are unlikely to prevail on the merits for the following reasons:

A. The plaintiffs' oral agreement is unenforceable as against the FDIC.

B. The plaintiffs' oral agreement is unenforceable under the Statute of Frauds.

C. Specific performance is not available against the FDIC as bank receiver.

After examination of the FDIC's first contention, that the plaintiffs' oral agreement is unenforceable as against the FDIC, it is apparent that the plaintiffs will not prevail on the merits. As such, it is not necessary to reach the remaining issues raised by the FDIC.[1]

The plaintiffs contend that there was an oral agreement to the effect that in the event the property could not be developed prior to the built-in interest being deleted by payments on the note, then in that event, the plaintiffs could merely deed the property back to the Bank and the note, deed of trust, and guarantee would be cancelled. The Loan Agreement, Note Secured by Deed of Trust, Deed of Trust, Limited Guaranty of Note and Mortgage, and Individual Guarantee, all made part of the record, and identified as Exhibits 1 through 5 respectively, constitute the entire written agreement of the parties, all dated November 5, 1974. Nowhere in these documents is mention made of the claimed defense or right of the plaintiffs to reconvey the property back to the Bank and extinguish all liabilities. No written note or memoran-

1. Although it is this Court's conclusion that the oral agreement is unenforceable as against the FDIC for the reasons herein stated, it also appears that the oral agreement is unenforceable under the Nevada Statute of Frauds, sections 111.210 and 111.220 of the Nevada Revised Statutes.

dum of the oral agreement signed by any officer, agent or director of the Bank has been produced by the plaintiffs. However, even assuming the oral representation was in fact made, the FDIC is not bound by said agreement. Section 1823(e) of 12 U.S.C. is instructive in this regard and provides in pertinent part that:

"No agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank."

█ 12 U.S.C. § 1823(e) and the case law decided thereunder allow the FDIC in its corporate capacity to ignore oral agreements which tend to diminish or defeat its right, title or interest in any asset acquired by it in a purchase and assumption agreement. This law is based not on a theory of holder in due course status but, rather, on a federal public policy protecting the institution of banking.

In *Federal Deposit Insurance Corporation v. Vineyard*, 346 F.Supp. 489 (D.C.Tex. 1972), the maker of a note was precluded from raising against the FDIC the defenses of no consideration and of a promise by an officer of the bankrupt bank that the note would never be called. After concluding that federal law controls in cases involving the rights of the FDIC, the court stated at 493:

"This statutory authority has been expressly affirmed by the courts. *Deitrick v. Greaney*, 309 U.S. 190, 60 S.Ct. 480, 84 L.Ed. 694; *FDIC v. Rectenwall*, 97 F.Supp. 273 (N.D.Ind.1951); *D'Oench,*

*Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1941). In the *D'Oench* case, *supra*, which is directly on point, the maker of the note attempted to raise against the FDIC the defenses of no consideration and of a promise by the bank that the note would never be called—the same defenses asserted here. The Supreme Court held that the maker was estopped from raising those defenses against the FDIC because he had acted in contravention of 'a general policy to prevent the institution of banking from such secret agreements.' Nor is guilty knowledge a prerequisite to liability. The *D'Oench* Court quoted with approval from *Mount Vernon Trust Co. v. Bergoff*, 272 N.Y. 192, 196, 5 N.E.2d 196, 197, in which the bank itself was allowed to recover against the maker:

'The defendant may not have intended to deceive any person, but, when she executed and delivered to the plaintiff bank an instrument in the form of a note, she was chargeable with knowledge that, for the accommodation of the bank, she was aiding the bank to conceal the actual transaction. Public policy requires that a person who, for the accommodation of the bank executes an instrument which is in form a binding obligation, should be estopped from thereafter asserting that simultaneously the parties agreed that the instrument should not be enforced.' 315 U.S. at 459, 62 S.Ct. at 680."

Therefore, it is the Court's conclusion that the FDIC is not bound by the oral agreement between the American City Bank and Trust Company and the plaintiffs relating to the transfer of some 40 acres of real property on November 5, 1974. Having decided that the plaintiffs are not likely to prevail on the merits of their claim it is the judgment of this Court that plaintiffs' Motion for Preliminary Injunction be denied.