No. 30,994

MARY PIROTT and SUSAN PIROTT, *Appellees,* v. J. B. HEINEN,
*Appellant.*

(26 P. 2d 453.)

Opinion
on rehearing filed November 11, 1933.  (For original opinion of
reversal see 137 Kan. 186, 19 P. 2d 723.)

*Charles L. Hunt, Frank C. Baldwin, Charles A. Walsh, Jr.,* all of Concordia, and *R. L. Hamilton,* of Beloit, for the appellant.

*A. E. Crane* and *Kenneth L. Briggs,* both of Topeka, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: A rehearing was ordered in this case. It has been reargued orally, and additional briefs have been duly considered.

Appellant suggests that our first opinion reversing the judgment and remanding the cause for a new trial should be modified in certain particulars. Appellees suggest that in view of certain admissions in appellant's petition to modify our first opinion the trial court's judgment should now be affirmed.

Considering first the matters urged by appellant, he contends that instruction No. 15 was erroneous and prejudicial. It reads:

"15. The examination required of a director, himself, into the affairs of the bank must be full and complete. In making such an examination, it is necessary that the director make an investigation himself, and he is not authorized to accept figures or balances given by some other officer *or director* of the bank. He is supposed to ascertain, himself, the amount of cash in the bank, examine the cash items in detail and ascertain the amount in the aggregate, he must make the same examination of notes, rediscounts, certificates of deposit, and must ascertain whether or not the general ledger of the bank corresponds with the daily ledger and statements, he must also ascertain the collection record, as to collections made and remitted, and deposits in checking accounts, and all other affairs of the bank so as to ascertain, if possible, by investigation the true condition of the bank, and if a director does not make this investigation, and accepts the statement or figures of some other officer of the bank and such statement or figures are incorrect, *the director is held by law to know the true condition of the bank.*"

It is contended that this instruction exacts a higher standard of thoroughness on the part of a director in examining a bank than is imposed by the statute. This contention is measurably justified.

The statute, quoted in full in our original opinion (137 Kan. 190) is not fairly open to the interpretation that each director must examine the bank independently. The directors may, and indeed should, collaborate in examining the bank; but, of course, if a director does not attend the meetings of the board of directors and does not collaborate with them in examining the bank, then to avoid civil liability in a case like the present his independent examinations must be of such frequency and thoroughness that he will, "if possible," know its condition. (R. S. 9-163.)

Another criticism of instruction No. 15 is that it was merely a general statement of abstract law, while the recognized rule of good trial practice is that instructions should be confined to concrete statements of law applicable to the issues raised by the pleadings and to the pertinent facts developed by the evidence. (*State v. Medlicott,* 9 Kan. 257, syl. ¶ 5.) Since the only infirmities of the bank which rendered it insolvent inhered in the $53,000 worth of forged notes and the shortage of $41,000 of deposits which had been systematically concealed by the cashier's dishonest manipulation of the adding machine, it was immaterial in this case whether appellant failed in respect to the other duties detailed in instruction No. 15. In this connection appellant also insists that his requested instruction No. 5 should have been given. It reads:

"5. The law requires a director of a bank to make examinations of the institution with such frequency, thoroughness and accuracy as will with reasonable certainty acquaint him with the condition of the bank, and the examination should be of such a character as will result in knowledge of the condition of the bank, if such knowledge could possibly within the range of reasonable frequency and thoroughness be obtained."

This requested instruction No. 5 conformed quite closely to the statutory provision itself, and it, or something to the same effect, should have been included in the instructions given.

The trial court also declined to give requested instruction No. 6. It reads:

"You are instructed that if you find the defendant did not attend regular quarterly meetings of the board of directors, yet if at other times he made thorough examinations of the condition of the bank by examining its note case, the character and amount of deposits, the cash reserve, the amount of surplus and undivided profits, the financial responsibility of borrowers, and the security held by the bank for loans, and other matters disclosing the true financial condition of the bank, and that such examinations were of the frequency and thoroughness required by law, as otherwise stated in these in-

structions, then he fully complied with the requirements imposed upon him by law, even though he failed to attend regular meetings of the board."

In view of what has been said above, some such instruction should have been given.

On the error assigned on the exclusion of evidence which would have explained why defendant so frequently failed to attend the regular monthly meetings of the board of directors, this court is satisfied with the disposition made of that point in our first opinion.

Touching the exclusion of proffered testimony of the other directors which would have shown that they did not discover the forged notes or the falsification of the amount of deposits, we hold that what these other directors did or failed to do in examining the bank could have no practical bearing on the issue of the frequency and thoroughness of the examinations made by appellant, consequently this excluded evidence was irrelevant and immaterial. On mature reflection, however, the court now withdraws its dictum in paragraph 9 of our first opinion in which we suggested the competency of evidence to show the proper method of examining a bank and the deductions the jury might draw therefrom in respect to the issues of fact involved in this case; and we also withdraw what we said in the same paragraph touching the admissibility of expert opinion evidence.

It is finally urged that in the new trial ordered this court should direct that the issue of fact resolved in favor of appellant in the thirteenth special finding should stand. But as first tried this cause was cluttered with alleged delinquencies of defendant in respect to his duty as agent in the sale of plaintiff's farm, and was also complicated by bringing into consideration the irrelevant provisions of the statute which govern criminal and not civil liability of bank directors; therefore we regard it as more just to all concerned that the new trial ordered should be *de novo* and not limited. But nothing we have said should be construed to prevent the litigants, with permission of the trial court, from reforming the pleadings for purpose of simplifying the issues to be joined and adjudicated.

Less space will be required to dispose of appellees' suggestion that appellant's admissions in his petition to modify and the brief in its support now make it clear that the judgment in their behalf should be affirmed. That theory is altogether too subtle to be persuasive. It wholly ignores the prejudicial effect of instruction No.

4 which, if followed implicitly, should have resolved special finding 13 as well as special finding 14 in their favor. For the error inherent in that instruction, even if there was no other substantial error in the record, the judgment could not be permitted to stand.

With the foregoing modifications of our first opinion, we adhere to our former judgment reversing the judgment and remanding the cause for a new trial.

HUTCHISON, J., not sitting.