**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

**v.**

**Cale HUDSON & Larry Hudson, Defendants.**

**Civ. A. No. 86–2236–S.**

United States District Court, D. Kansas.

Sept. 9, 1986.

James R. Goheen, Charles A. Getto, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., for Federal Deposit Ins. Corp.

Joe B. Whisler, Kansas City, Mo., John C. Rubow, Chanute, Kan., for Larry Hudson.

---

**31.** *Cf. United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Edward W. Dosh, Law Offices of Edward W. Dosh, Parsons, Kan., for Cale Hudson.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants Cale and Larry Hudson's motion to dismiss, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that the court lacks subject matter jurisdiction and the action fails to state a claim upon which relief can be granted. The defendant Cale Hudson has also filed a motion to answer out of time.

Defendants claim that the Federal Deposit Insurance Corporation's [FDIC] motion should be dismissed as there is no federal subject matter jurisdiction. Defendants claim that the FDIC is relying only on its capacity as receiver, even though there is an allegation stating that it is acting in its corporate capacity. The defendants further argue that this action brought by the FDIC is solely based on state law claims. Alternatively, defendants argued that even if the court does find that it has subject-matter jurisdiction over this action, plaintiff's complaint should be dismissed due to its failure to state a claim upon which relief can be granted. The defendants contend that the FDIC's claims, which were purchased from the receiver–FDIC, are not assignable under state law. The defendants further argue that the contract claims in Count IV of the plaintiff's complaint against the defendant-directors, pursuant to K.S.A. 9–1118 and 9–2001, does not state a cause of action.

In response, the FDIC states that defendants are under a misunderstanding of the statutory and case law pertaining to the status of the FDIC. The FDIC cites Title 12 of the United States Code, § 1819, for the authority to act simultaneously in a dual capacity as federal insurer and as receiver of state and national banks. The FDIC cites numerous cases which have held that "when the FDIC in its corporate capacity, purchases assets of a failed bank

from the FDIC in its capacity as receiver, the FDIC is entitled to bring an action in federal court based upon the purchase of the assets." *Plaintiff's suggestions in opposition to defendant Larry Hudson's motion to dismiss,* page 2, (citing *FDIC v. Godshall,* 558 F.2d 220, (4th Cir.1977); *FDIC v. Ashley,* 585 F.2d 157 (6th Cir. 1978); and *FDIC v. TWT Exploration Co.,* 626 F.Supp. 149, 151 (W.D.Okla.1985)).

■ The court finds that the case law is clear that Congress has authorized the FDIC to act in two distinct capacities. Those two capacities are that of an insurer of deposits and as a receiver for insolvent, closed banks. *See Freeling v. Sebring,* 296 F.2d 244, 245 (10th Cir.1961); *Gross v. Federal Deposit Insurance Corp.,* 613 F.Supp. 79, 81–82 (D.Kan.1985).

■ Title 12, United States Code, Section 1819 provides in pertinent part:

Upon the date of enactment of the Banking Act of 1933 [enacted June 16, 1933], the Corporation shall become a body corporate and as such, shall have power—

. . . .

Fourth. To sue and be sued, complain and defend in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; ... except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank, and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States.

Upon a review of the FDIC's complaint, the FDIC alleges that it is acting in its corporate capacity. Paragraph 7 of the FDIC's complaint alleges that the FDIC in its corporate capacity purchased from the receiver certain assets of the bank. Among the

assets received from the receiver were the assets at issue in this case, namely claims against its directors, officers or employees arising out of any act or acts of such persons with respect to the bank or its property, by virtue of the nonperformance of their duties, and also promissory notes. The court finds that the FDIC, acting in its capacity as a corporation, does establish the jurisdictional requirements for bringing action in this court. The court finds that the corporation has not alleged that it is acting in its capacity as receiver of a state bank, but solely in its capacity as a corporation and insurer. *See Federal Deposit Insurance Corp. v. Godshall*, 558 F.2d 220, 222 (4th Cir.1977). The court has continually recognized that the FDIC may often act in two capacities simultaneously, as receiver of a bank and seller and as an insurance corporation. *See, e.g., Federal Deposit Insurance Corp. v. Abraham*, 439 F.Supp. 1150, 1153 (E.D.La.1977). The court therefore finds that 12 U.S.C. § 1819 confers federal subject matter jurisdiction on this case as the FDIC is acting in its corporate capacity, pursuant to the provisions of that Act. The court finds that it is superfluous to address the other grounds upon which the FDIC claims it has jurisdiction.

■ The court will next address defendant's motion to dismiss the FDIC's complaint on the grounds that said complaint does not state claims upon which relief can be granted. Specifically, defendants claim that as receiver, the FDIC's right to bring a tort action is not assignable under Kansas law to the FDIC as a corporation. The court finds that it can summarily dismiss said argument of the defendants. Both the decision in *Federal Deposit Ins. Corp. v. Rectenwall*, 97 F.Supp. 273, 274 (N.D.Ind. 1951), and in *Federal Savings & Loan Insurance Corp. v. Fielding*, 309 F.Supp. 1146, 1151 (D.Nev.1969), makes clear that federal law applies in these actions, and that tort law claims are assignable, although state law would not allow it. *See Federal Savings & Loan Corp. v. Fielding*, 309 F.Supp. at 1151.

In *Rectenwall*, the court explained that under 12 U.S.C. § 264(n)(4), the FDIC as a corporation may purchase assets of an open or closed insured bank and assume liabilities by another insured bank. The court explained that this section contemplated the unrestricted transferability of every asset of an insured bank, and that the right to purchase the asset, which is a chosen action, to have any meaning, must be equivalent to the right to bring suit upon it and to reduce it to judgment. The court therefore concluded that the language "purchase any such assets" by the FDIC adequately expresses the congressional intent to make assignable a chose in action. *See* 97 F.Supp. at 274–75. The court therefore finds that defendants' motion to dismiss on the grounds that the tort claim is not assignable to the FDIC as a corporation must fail.

■ Finally, defendants argued that the FDIC's claim in Count IV that the defendant-directors breached an alleged contract based on their failure to perform, pursuant to their oath as provided by K.S.A. 9–1118, fails to state a claim. The defendants argue that no civil liability can be predicated on the oath of the directors of The Kansas State Bank. In response, the FDIC states that it is suing for breach of implied, as well as express, contract. The FDIC also distinguishes the decision cited by the defendants, *Pirott v. Heinen*, 137 Kan. 186, 19 P.2d 723 (1933), stating that *Pirott* did not hold that a bank director could never be sued for a breach of contract. The FDIC argues that in a proper case, a cause of action for breach of contract can be predicated upon a director's violation of his oath under K.S.A. 9–1118.

K.S.A. 9–1118 (1982) provides: "Each director shall take and subscribe an oath that such director will administer the affairs of such bank diligently and honestly and that such director will not knowingly or willfully permit any of the laws relating to banks to be violated...." K.S.A. 9–2001 then provides criminal liability for a banker, officer, employer, director or agents of a bank who neglects to perform any duty required

by 9–1117. The FDIC urges us to imply a civil cause of action from these two statutes. The court, however, declines to extend K.S.A. 9–1118 to impose civil liability on the defendants.

In so deciding, the court is guided by the decision in *Pirott v. Heinen,* 137 Kan. 186, 191, 19 P.2d 723 (1933), *aff'd on rehearing,* 138 Kan. 319, 321, 26 P.2d 453 (1933). The court finds that while the Supreme Court of Kansas did not elaborate, on the original review of the case, the court held that the trial court's giving an instruction as to the duties imposed upon a bank director by R.S. 9–109 (which is presently K.S.A. 9–1118), and the penalty for breach of that duty which was imposed by R.S. 9–137 (which is presently K.S.A. 9–2001) was not properly given. 137 Kan. at 191, 19 P.2d 723. On rehearing, the court stated that the trial was complicated "by bringing into consideration the irrelevant provisions of a statute which governed criminal and not civil liability of bank directors." 138 Kan. at 321. Based on the limited guidance given by the Kansas Supreme Court, this court declines to extend K.S.A. 9–1118 to impose civil liability upon directors of a bank. The court therefore finds that defendants' motion to dismiss Count IV of the plaintiff's complaint should be granted. While the court notes the FDIC's argument that it is also suing under implied contract, the court's reading of Count IV of the plaintiff's complaint appears to be exclusively based on the statutory provisions of K.S.A. 9–1118 and the implied duties stemming from the oath taken by the directors of the bank. The court therefore finds that Count IV of plaintiff's complaint should be dismissed.

Edward W. Dosh also filed a motion to file an answer out of time on behalf of defendant Cale Hudson. For good cause shown, the court finds that the defendant Cale Hudson should be granted leave to file his answer out of time. The court further directs the FDIC to file a motion to disqualify Mr. Dosh, as the attorney for defendant Cale Hudson, if the FDIC feels that Mr. Dosh's representation would result in a conflict of interest.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction is hereby denied. IT IS FURTHER ORDERED that defendants' motion to dismiss for failure to state a claim upon which relief can be granted is hereby denied. IT IS FURTHER ORDERED that defendants' motion to dismiss Count IV of the FDIC's complaint is hereby granted. IT IS FURTHER ORDERED that defendant Cale Hudson's motion to file an answer out of time is hereby granted. The court further directs the defendant Cale Hudson to file his answer within five (5) days from the date on which this Order is filed. The court further directs the FDIC to file a formal motion to disqualify Cale Hudson's attorney, Edward W. Dosh, if they desire to do so.