**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**D. Douglas DANNEN, et al., Defendants.**

**No. 88–6145–CV–SJ–6.**

United States District Court, W.D. Missouri, St. Joseph Division.

Oct. 5, 1990.

David G. Newkirk, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., J. Emmett Logan and Marc E. Elkins, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan. (A.T. Dill, III, Sr. Atty., F.D.I.C., Washington, D.C.), for plaintiff.

R. Lawrence Ward, Russell S. Jones, Jr., Mark Olthoff, Shughart, Thomson & Kilroy, Kansas City, Mo., for D. Douglas Dannen, Richard N. DeShon, Richard K. Dickens, Jr., Dale W. Eikenberry, Donald R. Eggebrecht, Robert W. Fitzpatrick, Jacob M. Ford, II, A. Denton Matteson, R. Wallace Orr, Thomas C. Reck, John C. Thompson, William M. Wyeth, III.

Gene E. Voigts, Peter E. Strand, Mark Moedritzer, Shook, Hardy & Bacon, Kansas City, Mo., for Roger A. Hegarty, W. Dale Maudlin.

Ron L. Findley, Martin M. Bauman, St. Joseph, Mo., for John E. Karn.

Thomas J. Conway, Popham, Conway, Sweeny, Fremont & Bundschu, P.C., Kansas City, Mo., for William A. Manring.

Donald W. Giffin, Spencer, Fane, Britt & Browne, Kansas City, Mo., for Mrs. G. Benton O'Neal, as Executrix of the Estate of G. Benton O'Neal.

Richard F. Adams, John J. Williams, III, Slagle, Bernard & Gorman, P.C., Kansas City, Mo., for Loren W. Schneider.

## MEMORANDUM AND ORDER

SACHS, Chief Judge.

Presently before the court is defendants' motion to dismiss the contractual claims and the claims based on 12 U.S.C. § 371c of plaintiff Federal Deposit Insurance Corporation's First Amended Complaint for failure to state a claim on which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This action arises out of alleged misconduct of defendants while they were officers and directors of the First National Bank of St. Joseph. The FDIC maintains that this misconduct violated contractual and other duties owed to the Bank, as well as certain banking statutes.

When ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court is required to construe the allegations in the claim liberally. *Miree v. DeKalb County, Georgia*, 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). All factual allegations made are presumed to be true and all reasonable inferences from the allegations must be made in favor of the claimant. *Id. See also, Scheur v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In *Jackson Sawmill Co. v. United States*, 580 F.2d 302 (8th Cir.1978), *cert. denied*, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1978), the Eighth Circuit stated,

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.... A complaint should not be dismissed merely because the court doubts that the plaintiff will prevail in the action. That determination is made on basis of proof and not the pleadings. The question, therefore, is whether in the light most favorable to the plaintiff, the complaint states any valid claim for relief. Thus, as a practical matter a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which plaintiff includes allegations that show on the face of the complaint.

*Id.* at 306. That recovery is remote is not the test by which motions to dismiss are determined, but rather whether the claimant should be entitled to offer evidence on the claim presented. Dismissal for failure to state a claim is to be granted sparingly and on the basis of the pleadings. *Huelsman v. Civic Center Corp.*, 873 F.2d 1171 (8th Cir.1989). This court will address each of plaintiff's claims in turn.

### 1. Claims based on 12 U.S.C. § 371c

■ Plaintiff maintains that 12 U.S.C. § 371c provides a regulatory scheme by which national banks are prohibited from repurchasing "low quality assets" from "affiliates." The FDIC alleges that when the officers and directors of First National

approved the repurchase of certain participations from other banks owned by First Midwest Bancorp, they committed a violation of § 371c. Defendants contend that plaintiff does not have standing to invoke this section as a grounds for liability and that the section does not provide a means through which a private right of action can be enforced.

Defendants claim that the only form of civil redress for violations of 12 U.S.C. § 371c is the imposition of a civil money penalty under the direction of the Office of the Comptroller of Currency ("OCC") pursuant to 12 U.S.C. § 504(a). Section 504(a) provides:

> Any member bank which violates, or any officer, director, or employee, agent, or other person participating in the conduct of the affairs of such member bank who violates any provision of section 371c ... of this Title, or any regulation issued pursuant thereto, shall forfeit and pay a civil penalty of not more than $1,000.00 per day for each day during which such violation continues.... The penalty may be assessed and collected by the Comptroller of the Currency in the case of a national bank, or the Board in the case of a state member bank, by written notice. As used in this section, the term "violates" includes without any limitation any action (alone or with another or others) for or toward causing, bringing about, participating in, counseling, or aiding or abetting a violation.

1. 12 U.S.C. § 503 provides:

   If the directors or officers of any member bank shall knowingly violate or permit any of the agents, officers, or directors of any member bank to violate any of the provisions of Sections 375, 375a, 375b, and 376 of this Title or Regulations of the Board made under authority thereof, or any of the provisions of Sections 212, 213, 214, 215, 655, 1005, 1014, 1906, or 1909 of Title 18, every director and officer participating in or assenting to such violation shall be held liable in his personal and individual capacity for all damages which the member bank, its shareholders, or any other person shall have sustained in consequence of such violation.

2. 12 U.S.C. § 501a provides:

   Should any national banking association in the United States ... fail to comply with any

Defendants claim that this section is the only one which addresses liability for violations of 12 U.S.C. § 371c. Moreover, they contend that the only section which provides for civil actions for the violation of banking statutes contained in Chapter 3 of the Federal Reserve Act is 12 U.S.C. § 503. Section 503 specifically delineates which of the statutes may be the subject of a private suit, and § 371c is not one of them.[1] Defendants cite *Adato v. Kagan*, 599 F.2d 1111 (2d Cir.1979), for the proposition that if Congress had wanted to allow private actions for violations of § 371c, it would have included § 371c in the list of statutes contained in 12 U.S.C. § 503. Because the OCC is not the party bringing this action and because § 371c is not within the scope of § 503, defendants argue that any claim based on § 371c must fail and should be dismissed.

Plaintiff counters that a national bank or its receiver is accorded a right to bring a cause of action for a § 371c violation pursuant to 12 U.S.C. § 501a.[2] In *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984), the Sixth Circuit explicitly stated that § 501a provides a private right of action for violations of 12 U.S.C. § 371c. The district court had held that the plaintiff did not state a claim for a § 371c violation and that there was no private right of action for such a violation. The court of appeals upheld the district court's conclusion that the plaintiff could not amend its complaint

of the provisions of this chapter ... all of the rights, privileges, and franchises of such association granted to it under the National Bank Act ... or under the provisions of this chapter, shall be thereby forfeited. Any noncompliance with or violation of this chapter shall, however, be determined and adjudged by any court of the United States of competent jurisdiction in a suit brought for that purpose in the district or territory in which such bank is located, under direction of the Board of Governors of the Federal Reserve System by the Comptroller of the Currency in his own name before the association shall be declared dissolved. In cases of such noncompliance or violation ... every director who participated in or assented to the same shall be held liable in his personal or individual capacity for all damages which said bank, its shareholders, or any other person shall have sustained in consequence of such violation.

to include a claim for a § 371c violation and also noted that the "district court apparently overlooked ... 12 U.S.C. § 501a which provides an express cause of action." *Id.* at 1551 n. 13. *See also, Michelsen v. Penney,* 135 F.2d 409 (2d Cir.1943) (Section 501a provides for a private right of action to redress losses sustained in consequence of any violation of the Federal Reserve Act).[3]

Defendants urge this court to disregard *Marx* and suggest that it was wrongly decided. They argue that the conclusion that § 501a provides a private right of action for violations of any part of Chapter 3 of the Federal Reserve Act is incorrect. Defendants' argument is based on their reading of § 501a as requiring an action by the Comptroller of the Currency as a predicate to civil liability. Because there is very little case law which deals with either § 371c or § 501a, this court is guided by case law interpreting 12 U.S.C. § 93.[4]

■ In *Cockrill v. Cooper,* 86 F. 7 (8th Cir.1898), the Eighth Circuit rejected cases which required an action by the Comptroller before any civil liability could be established. The court held that "the forfeiture of a bank's franchises, in a suit brought by the comptroller for that purpose, is not, in our judgment, a condition precedent to the maintenance of a suit against its directors for excessive loans." *Id.* at 13. The court made note of the fact that directors of a bank are charged with a duty of care, and that if this duty is breached, causing damage to the corporation, whether the fran-

chises of the corporation have been forfeited is immaterial. In *Corsicana National Bank v. Johnson,* 251 U.S. 68, 40 S.Ct. 82, 64 L.Ed. 141 (1919), the Supreme Court indicated that it was irrelevant whether a bank remained solvent while its directors and officers were committing illegal transactions to an action under the enforcement provisions of the National Bank Act. *See also, Larimore v. Comptroller of Currency,* 789 F.2d 1244, 1249 n. 4 (7th Cir.1986) (*Corsicana* and *Cockrill* stand for the proposition that a bank's charter need not be forfeited in order for liability to be established pursuant to 12 U.S.C. § 93); *Seiden v. Butcher,* 443 F.Supp. 384 (S.D.N.Y.1978) (Supreme Court and courts of appeal have entertained § 93 actions without first requiring an action brought by the OCC). Therefore, because 12 U.S.C. § 93 and 12 U.S.C. § 501a are virtually identical, this court will pattern its interpretation of § 501a after earlier interpretations of § 93 and hold that an action by the OCC is not a necessary predicate to civil liability for a 12 U.S.C. § 371c violation. The FDIC in this case has standing to state a claim pursuant to § 501a.

Defendants argue that § 93 cannot be read as virtually identical to § 501a, because § 93 is the only means by which civil liability is established for violations of Chapter 2, the National Bank Act, while § 501a must be read in conjunction with five other statutes in order to determine whether a violation of Chapter 3, the Federal Reserve Act, has been violated. De-

---

**3.** Defendants argue that *Michelsen* should not be used as precedent because it deals solely with 12 U.S.C. § 464, which was not mentioned in any other liability section of the Federal Reserve Act at the time the case was decided. The *Michelsen* court was therefore forced to determine that private rights of action were allowed by § 501a, whereas 12 U.S.C. § 371c violations can be redressed through § 504 actions. This court believes defendants are reading *Michelsen* too narrowly. The court determined that because 12 U.S.C. § 464 was a part of the Federal Reserve Act and because § 501a provided for private rights of action for *any* violation of the Federal Reserve Act, a private right of action would be allowed for a 12 U.S.C. § 464 violation.

**4.** The court recognizes that defendants would not have an analogy drawn between 12 U.S.C.

§ 501a and 12 U.S.C. § 93. However, it is an unassailable principle of law that "where one statute is patterned after another, and the earlier statute has been theretofore construed, it is presumed such construction was contemplated in the later enactment." *Bennett v. Langworthy,* 49 F.2d 574, 576 (8th Cir.1931). 12 U.S.C. § 501a was enacted after 12 U.S.C. § 93, and its language is identical to the earlier statute in that it appears to require an action to be instituted by the OCC. Furthermore, in *Blaney v. Florida National Bank at Orlando,* 357 F.2d 27 (5th Cir.1966), a case addressing whether or not § 501a provided a private cause of action in a certain case, the Fifth Circuit stated that § 501a was "indistinguishable" from § 93. *Id.* at 30 n. 3.

fendants contend that if § 501a were construed to allow private rights of action for any violation of the Federal Reserve Act, § 503, which provides a private right of action for any "knowing" violation, would be without meaning. However, this court finds persuasive the fact that § 503 applies to both officers and directors, while § 501a only applies to directors, and, as previously noted, § 503 applies to violations other than those encompassed in § 371c. With respect to the violations dealt with in § 503 it is arguable that there is conflict as to whether scienter should be required as to directors. This issue is of no present concern. Therefore, because this court believes that the plaintiff is afforded a right under § 501a to state a claim for 12 U.S.C. § 371c violations, absent legislative history showing that § 503 was designed to be comprehensive except when there is a forfeiture under § 501a, defendants' motion to dismiss that portion of plaintiff's complaint will be denied.[5]

### 2. Contract Claims Based on Oath

■ The National Bank Act, 12 U.S.C. § 73, requires directors of a bank to take an oath that he will "diligently and honestly administer the affairs of such association, and will not knowingly violate or willingly permit to be violated any of the provisions of this chapter...." The FDIC claims that this oath provides the basis for an express contract, and that it is entitled to state a claim for breach of contract pursuant to this oath. Although this court is aware that certain cases have allowed for a cause of action for breach of contract to be based on this oath, *Hughes v. Reed*, 46 F.2d 435 (10th Cir.1931), it feels that the

weight of authority and the more modern trend is that the oath does not provide a basis for liability.[6]

Cases which hold that the director's oath does not provide a basis for contractual liability focus on the fact that breach of fiduciary duty, the duty delineated in the 12 U.S.C. § 73, constitutes a tort. In *FDIC v. McAtee*, 124 F.R.D. 662 (D.Kan.1988), the court held that 12 U.S.C. § 73 would not support a claim for breach of contract. The same court in *FDIC v. Robertson*, No. 87–2523 (D.Kan.1988) (Lexis No. 5856) dismissed contract claims based on oath provisions in a statute for failure to state a claim on which relief could be granted. *See also, FDIC v. Hudson*, 643 F.Supp. 496, 499 (D.Kan.1986) (Kansas statute requiring directors of a bank to take an oath to perform duties diligently could not serve as a basis for civil liability). In *Thompson v. Kerr*, 555 F.Supp. 1090, 1098 n. 9 (S.D. Ohio 1982), the court stated that implying actions under § 73 of the National Bank Act would have the result of federalizing the entire area of tort law with respect to a bank's officers and directors. Such a result was to be avoided, particularly because the oath provision was too ambiguous to provide explicit or implicit guidelines as to the appropriate standard of care. Similarly, the Sixth Circuit declined to reverse the dismissal of claims based on § 73 by the district court, indicating that it agreed with the district court's finding that the statute was insufficiently focused to serve as the basis for a private right of action. *Saker v. Community First Bank*, 837 F.2d 476 (6th Cir.1988). This court agrees with the

---

**5.** It is the court's understanding that the simple answer to the omission of reference to § 371c in what arguably was a Congressional effort to limit remedial liability to violations with scienter is that § 371c was enacted as New Deal legislation, subsequent to the 1918 enactment of § 503. While it may be harsh to reach the result here, and arguably contrary to the general intent of Congress in 1918, the court has no authority to create statutory amendments, even if desirable.

**6.** The court is aware that plaintiff has cited the recent case of *FDIC v. Former Officers & Directors of Metropolitan Bank*, 884 F.2d 1304 (9th Cir.1989), for its argument that the oath pro-

vides a basis for liability, but does not find this case persuasive. In *Metropolitan Bank*, the court was faced with a statute of limitations problem—whether the action called for a six-year statute of limitations (contract) or a three-year limitation period (tort). The opposing party in the case did not contest whether the action was properly brought pursuant to contract, only that the oath provided a basis for liability in tort. The court noted that a substantial question of limitations existed, and that in such cases it was proper to apply the longer period. This narrow holding does not serve as precedent for plaintiff's arguments.

above-cited authority that § 73 of the National Bank Act is too loosely framed to support an action for breach of contract, and therefore will dismiss those of plaintiff's claims which are based on this statute.

### 3. Contracts Implied from Promises Given by Defendants

■ Plaintiff alleges that defendants had a fiduciary obligation to the bank to perform their duties as a reasonable, diligent director would in the same circumstances. It maintains that this fiduciary obligation serves as the basis for an implied contract, and that when defendants breached their fiduciary duty, they also breached the contract. Defendants, on the other hand, contend that the fiduciary obligation they owed to the bank cannot serve as the basis for a contract because it involves a tort standard of care. Because defendants' promise not to commit a tort cannot constitute a contract, the FDIC's claim for breach of implied contract must fail.

In alleging its cause of action for breach of implied contract based on fiduciary duty, plaintiff relies mainly on *Hughes v. Reed,* 46 F.2d 435 (10th Cir.1931), and *FDIC v. Former Officers & Directors of Metropolitan Bank,* 884 F.2d 1304 (9th Cir.1989). This court finds neither persuasive. Both cases dealt with whether a contract or a tort statute of limitations should be applied for a claim for breach of fiduciary duty, and both qualified their holding that the contract statute of limitations applied by indicating that in the case of a controversy over statutes of limitation, a court should apply the longer one. Neither case closely analyzed the characterization of a claim of fiduciary duty as a claim of implied contract. This court believes that the general rule is that special tort liability may be occasioned by a contractual commitment, but that such liability generally remains a

form of tort liability, similar to medical or legal malpractice.[7]

In *Sarraga v. Girod Vela & Co., Inc.,* 649 F.Supp. 11 (D.P.R.1986), the FDIC, a third-party defendant, moved to dismiss plaintiff's claims for breach of fiduciary duty by the FDIC during its liquidation of the bank because the plaintiff had not brought its claims under the Federal Tort Claims Act. The FDIC argued that breach of fiduciary duty constituted an action sounding in tort, and as such should be dismissed since it was not brought pursuant to the waiver of sovereign immunity in the FTCA. The court agreed with the FDIC and rejected the plaintiff's claim that an action for breach of fiduciary duty was one for breach of contract. In *FDIC v. Greenwood,* 739 F.Supp. 450 (C.D.Ill.1989), the court found that it should not apply a contract statute of limitations to a claim for breach of fiduciary duty. This conclusion was reached not because the contract statute of limitations was longer than the tort statute of limitations, as in the cases cited by the plaintiff in this case, but because the claim for such a breach clearly revolved around a tort standard of care. *See also Conover v. Crop Hail Management Corp.,* No. 88–5495 (D.N.J.1989) (1989 WL 65614). "A fiduciary who commits a breach of his duty as a fiduciary is guilty of tortious conduct to the person for whom he should act." Restatement (2d) of Torts § 874, comment B (1979). This court also is aware of several cases in which the plaintiff alleged both a breach of fiduciary duty and a breach of contract and the claims were treated separately rather than collapsed into one large contract action. *See Smith v. ABS Industries, Inc.,* 653 F.Supp. 94 (N.D.Ohio 1986); *Baum v. Phillips, Appel & Walden, Inc.,* 648 F.Supp. 1518 (S.D.N.Y.1986). Therefore, this court believes that a claim for breach of fiduciary duty which revolves around the reasonable and prudent director standard is more properly a tort action than one for breach of contract.[8] Accordingly, plaintiff's claims

---

7. This appears to be normal legal usage, although certainly not universal. *Kozan v. Comstock,* 270 F.2d 839, 843–5 (5th Cir.1959) (Wisdom J.); *Sisters of St. Mary v. Dennigmann,* 730 S.W.2d 589, 594 (Mo.App.1987) (referring to

a "medical malpractice tort claim"); *Woolley v. Henderson,* 418 A.2d 1123 (Me.1980).

8. This court is aware of one case, *FSLIC v. Burdette,* 696 F.Supp. 1196 (E.D.Tenn.1988), which held that a claim for breach of fiduciary

for breach of implied contract based on fiduciary duty will be dismissed.

For the foregoing reasons, it is hereby

ORDERED that defendants' motion to dismiss plaintiff's claims based on 12 U.S.C. § 371c and 12 U.S.C. § 501a is DENIED.

ORDERED that defendants' motion to dismiss plaintiff's claims based on the director's oath found in 12 U.S.C. § 73 is GRANTED.

ORDERED that defendants' motion to dismiss plaintiff's claims based on implied contract establishing fiduciary duty is GRANTED.

duty was one for breach of a quasi-contract. However, in that case the court relied on the fact that Tennessee law provided that actions involving breaches of fiduciary obligations were to be treated as contract actions. This court notes that in Missouri, actions for breach of fiduciary duty are considered tort actions. *See, Community Title Co. v. Safeco Insurance Co. of America,* 795 S.W.2d 453 (Mo.App.1990).